Circuit Court for Allegany County
Case No. 01-C-12-036943

IN THE SUPREME COURT

OF MARYLAND

Petition No. 315

September Term, 2023

WAYNE RESPER

v.

SECRETARY, DEPARTMENT OF
PUBLIC SAFETY AND
CORRECTIONAL SERVICES

Fader, C.J.,
Watts,
Booth,
Biran,
Gould,
Eaves,

JJ.

PER CURIAM ORDER

Filed: May 31, 2024

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

|                                                      |     |                                             |
| ---------------------------------------------------- | --- | ------------------------------------------- |
|                                                      | *   | IN THE                                      |
| WAYNE RESPER                                         | *   | SUPREME COURT                               |
|                                                      | *   | OF MARYLAND                                 |
| v.                                                   | *   |                                             |
|                                                      | *   | Petition No. 315 September Term, 2023       |
| SECRETARY, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES | *   | (No. 1806, Sept. Term, 2023 Appellate Court of Maryland) |
|                                                      | *   |                                             |
|                                                      | *   | (Cir. Ct. No. 01-C-12-036943)               |
|                                                      | *   |                                             |

O R D E R

In the Circuit Court for Allegany County, the petitioner, Wayne Resper, filed a motion to set aside a prior order that required him to seek leave of court before filing new papers. When that motion was denied in an order dated September 27, 2023, Mr. Resper filed a notice of en banc review, which the circuit court denied on October 19, 2023. Mr. Resper then filed a document he captioned "Notice of Appeal," but which the court properly treated as an application for leave to appeal, addressed to the circuit court's "October 19, 2023 decision."

The circuit court then entered an order, dated November 16, 2023, in which the court: (1) noted Mr. Resper's filing; (2) stated that Mr. Resper, having been found to be a frivolous filer pursuant to § 5-1005(a) of the Courts & Judicial Proceedings Article, was not permitted to "file any further civil actions without leave of court" (quoting Md. Code Ann., Cts. & Jud. Proc. § 5-1005(c)(1)); and (3) stated that the court "declines to grant leave in this action."

The Appellate Court treated the circuit court's November 16 order as effectively

striking the petitioner's application for leave to appeal. Accordingly, the Clerk of the Appellate Court issued an order administratively closing the case. Mr. Resper then sought review in this Court pursuant to a petition for writ of certiorari.

The circuit court lacked the authority to deny or strike Mr. Resper's application for leave to appeal pursuant to § 5-1005 of the Courts & Judicial Proceedings Article because its authority to strike an application for leave to appeal or a notice of appeal is limited to the circumstances articulated in Rule 8-203.[1]

Accordingly, upon consideration of the petition, it is this 31st day of May 2024, by the Supreme Court of Maryland,

ORDERED that the petition is granted; and it is further

ORDERED that the order of the Appellate Court of Maryland administratively closing the appeal is vacated; and it is further

ORDERED that this case is remanded to the Appellate Court with instructions to vacate the circuit court's November 16, 2023 order. Thereafter, the Appellate Court can address Mr. Resper's application for leave to appeal in the ordinary course.

        /s/ Matthew J. Fader
           Chief Justice

---

[1] In another, procedurally similar case involving Mr. Resper, the Department of Public Safety and Correctional Services acknowledged that the circuit court lacks the authority to strike a notice of appeal in these circumstances. *See Wayne Resper v. Secretary, Department of Public Safety and Correctional Services*, Petition No. 293, September Term, 2023.